# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

## SUMMER TERM, 1854.

### Commonwealth *vs.* Kamp, (two cases.)

ERROR TO NELSON CICUIT.

Case 1.

1. A license in general terms to *keep a tavern*, authorizes the tavern keeper to vend spirituous liquors in his bar-room or tavern, to his guests or others, in small quantities, to be drank in the tavern or elsewhere.

2. The *Revised Statutes, chap.* 99, *art.* 4, *sec.* 1 & 3, defines the tippling-house. The *5th and* 11th *sections* of the same statute, in effect, repeals the act of 13th December, 1851, which provided, in substance, that a license to keep a tavern conferred no authority to retail spirituous liquors.

Chief Justice Hise delivered the opinion of the court.

June 2.

It is the opinion of this court that a license granted in general terms, by virtue of the provisions of chapter 99 Revised Statutes, to keep a tavern, authorizes the tavern keeper to vend spirituous liquors in his bar-room or tavern, to his guests or others, in small quantities, to be drank in the tavern or elsewhere, and for so doing no tavern-keeper is liable to the penalty of sixty dollars for retailing spirits, or for keeping a tippling house, as defined by article 4th of chapter 99, Revised Statutes, 663, sections 1st and 3d of said article; and so much of the act approved 13th Decem-

1. A license in general terms to *keep a tavern*, authorizes the tavern keeper to vend spirituous liquors in his bar-room or tavern, to his guests or others, in small quantities, to be drank in the tavern or elsewhere.

2. The *Revised Stat., chap.*

ber, 1851, as provides that a license to keep a tavern merely shall confer no authority upon the tavern-keeper, to retail liquors, is virtually repealed by the provisions of the 5th and 11th sections of the 1st article of the chapter of the Revised Statutes above referred to; from which it is manifest that a licensed tavern-keeper has the privilege of keeping and retailing spirituous liquors, &c., in his tavern, being responsible, however, in the mode provided in the law itself for the abuse of the privilege.

The judgments therefore are affirmed in both cases of the commonwealth against Peter G. Kamp.

HARLAN, *Attorney General*, for the commonwealth; JOHNSON for defendant.

*Marginal note:* 99, *art.* 4, *secs.* 1 *and* 3, defines the tippling house. The 5th *and* 11th *sections* of the same statute, in effect, repeals the act of 13th December, 1851, which provided, in substance, that a license to keep a tavern conferred no authority to retail spirituous liquors.